## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**ROBERT EASTMAN**                                             **PLAINTIFF**

                                        **Civil Action No. 5:10-cv-00169-DCB-JMR**

**vs.**

**MISSISSIPPI VALLEY SILICA COMPANY**            **DEFENDANT**

**ST. PAUL FIRE AND MARINE**
**INSURANCE COMPANY**                      **GARNISHEE-DEFENDANT**

---

### ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
### RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE

---

St. Paul Fire and Marine Insurance Company ("St. Paul") submits this Response to Plaintiff's Motion to Consolidate and would show unto the Court as follows:

### FACTUAL BACKGROUND

1.      On April 14, 2010, the Circuit Court of Warren County, Mississippi entered a judgment in the amount of $1,960,000.00 against Mississippi Valley Silica Company ("MVSC") in a case styled *Robert Eastman, Sr. v. Pangborn Corporation et al.*, Civil Action No. 07,0132-CI.   Plaintiff thereafter filed separate Writs of Garnishment against various insurers for MVSC ("Insurer Defendants"), including St. Paul.  Each of the Insurer Defendants has individually removed the garnishment actions to federal court.  Plaintiff thereafter moved to consolidate these proceedings.

2.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: . . .

1

consolidate the actions . . . ."  However, the lawsuits filed by Plaintiff against the Insurer Defendants do not "involve a common question of law or fact," nor do they involve the "same parties and issues."  Accordingly, these actions should not be consolidated.

3.      First, each of the lawsuits filed by Plaintiff are against different Insurer Defendants and accordingly do not involve the same parties.  Further, these Insurer Defendants are represented by separate counsel.

4.      Additionally, each of the garnishment actions involves different coverage issues and the interpretation of different insurance policies, as well as the application of different law.

5.      Furthermore, the policy reasons behind consolidation would not be served in the case at hand by consolidation.

6.      For these reasons, and as set forth more fully in St. Paul's Memorandum Brief in Support of its Response to Plaintiff's Motion to Consolidate, the Court should exercise its "broad discretion" and deny Plaintiff's Motion to Consolidate.

**WHEREFORE**, St. Paul respectfully requests that the Court deny Plaintiff's Motion to Consolidate.  St. Paul further requests any additional or further relief to which it may be entitled under the circumstances.

Respectfully submitted,

**CARROLL WARREN & PARKER PLLC**

BY:     */s Lee Ann Thigpen*_____
            Lee Ann Thigpen

2

628414

OF COUNSEL:
Jim Warren, Esq., MSB No. 6966
Lee Ann Thigpen, Esq., MSB No. 100229
Maggie M. Nasif, Esq., MSB No. 102592
CARROLL WARREN & PARKER PLLC
188 East Capitol Street
One Jackson Place, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:  (601) 592-1010
Facsimile:  (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
mnasif@cwplaw.com

628414

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the above pleading via the U.S. District Court for the Southern District of Mississippi's ECF filing system on the following recipients:

John T. Givens, MSB No. 101561
Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768

R. Allen Smith, Jr., MSB No. 99984
The Smith Law Firm, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157

This the 7th day of December, 2010.

BY:   */s Lee Ann Thigpen*
Lee Ann Thigpen

4

628414