## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**ROBERT EASTMAN**                                                    **PLAINTIFF**

**Civil Action No. 5:10-cv-00169-DCB-JMR**

**vs.**

**MISSISSIPPI VALLEY SILICA COMPANY**                          **DEFENDANT**

**ST. PAUL FIRE AND MARINE**
**INSURANCE COMPANY**                              **GARNISHEE-DEFENDANT**

---

## MEMORANDUM BRIEF IN SUPPORT OF
## ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S
## RESPONSE TO PLAINTIFF'S MOTION TO CONSOLIDATE

---

St. Paul Fire and Marine Insurance Company ("St. Paul") submits this Memorandum Brief in Support of its Response to Plaintiff's Motion to Consolidate and would show unto the Court as follows:

### FACTUAL BACKGROUND

On April 14, 2010, the Circuit Court of Warren County, Mississippi entered a judgment in the amount of $1,960,000.00 against Mississippi Valley Silica Company ("MVSC") in a case styled *Robert Eastman, Sr. v. Pangborn Corporation et al.*, Civil Action No. 07,0132-CI. Plaintiff thereafter filed separate Writs of Garnishment against various insurers for MVSC ("Insurer Defendants"), including St. Paul.[1]  Each of the Insurer Defendants has individually

---

[1] Based on information retrieved from PACER, it appears that Plaintiff has filed Writs of Garnishment against the following six Insurer Defendants:  St. Paul Fire and Marine Insurance Company, CNA Financial Corporation, National Union Fire Insurance Company, Hartford Financial Services Group, Inc., Travelers Casualty and Surety Company f/k/a Aetna Casualty and Surety Company, and Affiliated FM Insurance Company.  However, Plaintiff

1

removed the garnishment actions to federal court.  Plaintiff thereafter moved to consolidate these proceedings.  For the reasons that follow, the Court should deny Plaintiff's Motion to Consolidate.

## LAW AND ARGUMENT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions . . . ."  In his Motion to Consolidate, Plaintiff states that "[t]he Fifth Circuit has held that 'the proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court, would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure."  *See* Plaintiff's Motion to Consolidate [6] (citing *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984)).  However, as discussed below, the lawsuits filed by Plaintiff against the Insurer Defendants do not "involve a common question of law or fact," nor do they involve the "same parties and issues."  Accordingly, these actions should not be consolidated.

First, each of the lawsuits filed by Plaintiff are against different Insurer Defendants and accordingly do not involve the same parties.  These Insurer Defendants are represented by separate counsel.  Additionally, each of the garnishment actions involves different issues.  Plaintiff states in his Motion to Consolidate that "[t]he common issues of law and fact involve the amount owed by each of the insurance companies as a result of the judgment entered against Mississippi Valley Silica Company."  *See* Plaintiff's Motion to Consolidate [6].  However, it is not this simple.  Each of the Insurer Defendants insured MVSC pursuant to different policies with different terms, conditions, and exclusions and during different time periods throughout a

---

states in his Motion to Consolidate that he "anticipates this number will grow as additional insurance companies are served with Writs of Garnishment."  *See* Plaintiff's Motion to Consolidate [6].

thirty-year time span.   Accordingly, each of the actions will involve different insurance coverage issues.  In addition, the policies issued by the various Insurer Defendants were not all issued in the same state.  Accordingly, the applicable law may vary among the policies.

Furthermore, the policy reasons behind consolidation would not be served in the case at hand.   The District Court for the Southern District of Mississippi has held that "[w]hen considering whether to consolidate cases under Rule 42(a) of the Federal Rules of Civil Procedure, district courts are to exercise 'broad discretion' in determining whether the cases present common questions of law or fact, and whether consolidation would save time and money." *Dear v. Jackson State University*, Civil Action No. 3:07-cv-407-WHB-LRA, 2008 WL 4225766, *2 (S.D. Miss. Sept. 10, 2008) (denying Plaintiff's Motion to Consolidate; noting that although the lawsuits involved common questions of fact, consolidation would not avoid unnecessary delay or promote judicial economy).  Plaintiff asserts in his Motion to Consolidate that consolidation would "allow the cases to be dispatched with expedition and economy," would "avoid the real possibility of inconsistent results," and would "neither cause delay nor lead to prejudice of confusion, but rather will promote the interest of justice."  However, on the contrary, consolidation would not serve these purposes.

Because these actions involve such different issues and even different applicable law, it is unlikely that consolidation would save time or money.  Instead, it seems more probable that it would cause delay due to the numerous legal issues that must be resolved by the Court.  Lastly, it seems likely that the various issues, policies, and applicable law would only serve to confuse the trier of fact.  It must be noted that there are six separate actions at this point, i.e., six different Insurer Defendants and policies.  Furthermore, Plaintiff has stated that he expects this number to grow.

3

628331

Although it does not appear that this Court has addressed consolidation in this context,

the district court in *Laine Memorial Fund v. Monumental Life Insurance Co., et al.* denied a

motion for consolidation and stated the following:

> The actions involve claims for insurance coverage under numerous different policies
> taken out over a period of more than ten years. . . . Two types of policies are involved . . .
> .  The specific language of the policies also differs.  The controlling benefits and
> exclusions sections involve interpretation of different contractual language.   These
> differences weigh heavily against consolidation. Jurors will have to focus on the specific
> issues of each individual case in weighing the evidence and in reaching a verdict.  It is
> true that evidence of a fraudulent scheme is expected to be offered in any trial of one or
> all of these actions.  It is also true that the relevancy of such evidence and its effect of the
> merits may vary according to the facts surrounding the particular policy at issue, and the
> policy language involved.  The evidence will be most properly received and evaluated by
> the trier of fact if it is focused on the resolution of a specific policy or action. . . . .
> Twelve different insurance companies are involved.

Civil Nos. 3-82-389, 3-83-569, 4-83-534, 4-83-533, 4-83-251, 3-83-1187, 4-83-870, 3-83-1468,

4-83-1023, 3-83-1467, 3-83-1466, 4-83-871, 3-83-1478, 1985 WL 1561, *5 (D. Minn. Apr. 30,

1985).

Like *Laine Memorial Fund*, the actions at hand involve numerous policies with different

policy provisions taken out over a period of nearly thirty years.  Although it is true that the

Writs filed against the Insurer Defendants all seek to satisfy the same judgment against MVSC,

the similarities between the actions do not extend to all the issues that need to be resolved in

each Writ.   For these reasons, the Court should exercise its "broad discretion" and deny

Plaintiff's Motion to Consolidate.

**WHEREFORE**, St. Paul respectfully requests that the Court deny Plaintiff's Motion to

Consolidate.  St. Paul further requests any additional or further relief to which it may be entitled

under the circumstances.

4

628331

Respectfully submitted,

**CARROLL WARREN & PARKER PLLC**

BY:   */s Lee Ann Thigpen*
Lee Ann Thigpen

OF COUNSEL:
Jim Warren, Esq., MSB No. 6966
Lee Ann Thigpen, Esq., MSB No. 100229
Maggie M. Nasif, Esq., MSB No. 102592
CARROLL WARREN & PARKER PLLC
188 East Capitol Street
One Jackson Place, Suite 1200
Post Office Box 1005
Jackson, Mississippi 39215-1005
Telephone:  (601) 592-1010
Facsimile:  (601) 592-6060
jwarren@cwplaw.com
lthigpen@cwplaw.com
mnasif@cwplaw.com

5

628331

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the above pleading via the U.S. District Court for the Southern District of Mississippi's ECF filing system on the following recipients:

John T. Givens, MSB No. 101561
Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Porter & Malouf, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768

R. Allen Smith, Jr., MSB No. 99984
The Smith Law Firm, PLLC
681 Towne Center Boulevard, Suite B
Ridgeland, Mississippi 39157

This the 7th day of December, 2010.

BY:   */s Lee Ann Thigpen*
Lee Ann Thigpen

6

628331